ORIGINAL
FILED

NOV 2 0 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  TOWNSEND AND TOWNSEND AND CREW LLP
   GREGORY S. GILCHRIST (Bar # 111536)
2  GIA L. CINCONE (Bar # 141668)
   Two Embarcadero Center, 8th Floor
3  San Francisco, California  94111
   Telephone:  (415) 576-0200
4  Facsimile:  (415) 576-0300
   Email: gsgilchrist@townsend.com, glcincone@townsend.com
5
   Attorneys for Plaintiff
6  LEVI STRAUSS & CO.

7

8                    UNITED STATES DISTRICT COURT                    **RS**

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                   **CV. 07        5896**

11  LEVI STRAUSS & CO.,                Case No.

12                Plaintiff,           **COMPLAINT FOR TRADEMARK
                                       INFRINGEMENT AND DILUTION,**
13        v.                           **UNFAIR COMPETITION, AND
                                       BREACH OF SETTLEMENT**
14  THE WET SEAL, INC.,                **AGREEMENTS**

15                Defendant.           **JURY TRIAL DEMAND**

16

17

18       Plaintiff Levi Strauss & Co. ("LS&CO.") complains against defendant The Wet Seal, Inc.

19  ("Wet Seal") as follows:

20            **JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT**

21       1.      Plaintiff's first, second and third claims arise under the Trademark Act of 1946 (the

22  Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051, et

23  seq.).  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b)

24  (trademark and unfair competition), 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121

25  (Lanham Act).  This Court has supplemental jurisdiction over the remaining state law claims under 28

26  U.S.C. § 1367.

27       2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant transacts

28  affairs in this district and because a substantial part of the events giving rise to the claims asserted

1    arose in this district.

2      3.     Intra-district assignment to any division of the Northern District is proper under Local

3    Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

4                      **PARTIES**

5      4.     LS&CO. is a Delaware corporation which has its principal place of business at Levi's

6    Plaza, 1155 Battery Street, San Francisco, California 94111. Operating since approximately the

7    1850's, LS&CO. is one of the oldest and most well known apparel companies in the world. It

8    manufactures, markets and sells a variety of apparel, including its traditional denim blue jean

9    products.

10      5.     LS&CO. is informed and believes that defendant The Wet Seal, Inc. ("Wet Seal") is a

11    Delaware corporation with its principal place of business at 26972 Burbank, Foothill Ranch,

12    California 92610. LS&CO. is informed and believes that Wet Seal manufactures and sells a line of

13    clothing, including jeans, under the brand name WET SEAL. Wet Seal sells WET SEAL brand jeans

14    at its chain of retail stores and on its website along with other brands of jeans, including without

15    limitation YOUNIQUE and ZANA-DI. These jeans are sold in this judicial district and throughout the

16    United States. LS&CO. is further informed and believes that Wet Seal has authorized, directed,

17    and/or actively participated in the wrongful conduct alleged herein.

18          **FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS**

19    **LS&CO.'s Use Of Its Trademarks**

20      6.     LS&CO. marks its LEVI'S® brand products with a set of trademarks that are famous

21    around the world. For many years prior to the events giving rise to this Complaint and continuing to

22    the present, LS&CO. annually has spent great amounts of time, money, and effort advertising and

23    promoting the products on which its trademarks are used and has sold many millions of these products

24    all over the world, including throughout the United States and in California. Through this investment

25    and large sales, LS&CO. has created considerable goodwill and a reputation for quality products.

26    LS&CO. continuously has used these trademarks, some for well over a century, to distinguish its

27    products.

28      7.     Most of LS&CO.'s trademarks are federally registered; all are in full force and effect,

1    and exclusively owned by LS&CO.  LS&CO. continuously has used each of its trademarks, from the

2    registration date or earlier, until the present and during all time periods relevant to LS&CO.'s claims.

3    **LS&CO.'s Arcuate Stitching Design Trademark**

4    　　　8.　　Among its marks, LS&CO. owns the famous Arcuate Stitching Design Trademark (the

5    "Arcuate trademark"), which consists of a distinctive pocket stitching design that is the oldest known

6    apparel trademark in the United States.  LS&CO. has used the Arcuate trademark continuously since

7    1873 in interstate commerce on clothing products.  LS&CO. first used the Arcuate trademark on jeans

8    and later used it on trousers, pants, shorts, skirts, shirts and jackets.  Examples of LS&CO.'s use of the

9    Arcuate trademark on LEVI'S® jeans are attached as Exhibit A-1 – A-7.

10   　　　9.　　LS&CO. owns, among others, the following United States and California Registrations

11   for its Arcuate trademark, attached as Exhibit B:

12   　　　　　a.　　U.S. Registration No. 1,139,254 (first used as early as 1873; registered

13   September 2, 1980);

14   　　　　　b.　　U.S. Registration No. 404,248 (first used as early as 1873; registered November

15   16, 1943).

16   These registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

17   　　　　　c.　　U.S. Registration No. 2,791,156 (first used as early as September 1, 1936;

18   registered December 9, 2003)

19   　　　　　d.　　U.S. Registration No. 2,794,649 (first used as early as 1873; registered

20   December 16, 2003.)

21   　　　　　e.　　California Registration No. 088399 (first used as early as 1873; registered

22   August 24, 1988).

23   　　　10.　　The Arcuate trademark is famous and is recognized around the world and throughout

24   the United States by consumers as signifying a high quality LEVI'S® product.

25   **Defendant's Infringement of LS&CO.'s Trademark and Breach of Prior Settlement Agreements**

26   　　　11.　　LS&CO. is informed and believes that Wet Seal has in the past and continues to

27   manufacture, source, market and/or sell jeans that display designs on the rear pockets that are

28   confusingly similar to LS&CO.'s Arcuate trademark.  These designs include, without limitation the

1    designs shown in Exhibit C (the "Wet Seal designs").

2        12.    LS&CO. is informed and believes that Wet Seal has manufactured, marketed and sold

3    substantial quantities of products bearing the Wet Seal designs and others like them, and has obtained

4    and continues to obtain substantial profits thereby.

5        13.    Wet Seal has previously violated LS&CO.'s rights in its Arcuate trademark on more

6    than one occasion.  In February 1998, LS&CO. and Wet Seal entered into a Settlement Agreement

7    concerning Wet Seal's use of a stitching design that infringed LS&CO.'s Arcuate trademark.  A copy

8    of that Settlement Agreement, which remains in effect, is attached as Exhibit D (hereinafter the "1998

9    Agreement") and is incorporated herein by reference.

10       14.    The 1998 Agreement prohibits Wet Seal from manufacturing, distributing, or selling

11   any jeans that display any pocket stitching design that is substantially similar to the Arcuate trademark

12   without authorization from LS&CO.  The Wet Seal designs are substantially similar to the Arcuate

13   trademark and have not been authorized by LS&CO.

14       15.    LS&CO. and Wet Seal entered into a second Settlement Agreement in January 2004

15   concerning Wet Seal's use of another stitching design that infringed LS&CO.'s Arcuate trademark.  A

16   copy of that Settlement Agreement, which also remains in effect, is attached as Exhibit E (hereinafter

17   the "2004 Agreement") and is incorporated herein by reference.

18       16.    The 2004 Agreement prohibits Wet Seal from manufacturing, licensing, selling,

19   offering for sale, distributing, importing, exporting, advertising, promoting or displaying any bottoms,

20   anywhere in the world, that display any stitching or stitching-like design substantially similar to the

21   design at issue in that case.  The Wet Seal designs are substantially similar to the design covered by

22   the 2004 Agreement.

23       17.    Wet Seal's actions have caused and will cause LS&CO. irreparable harm for which

24   money damages and other remedies are inadequate.  Unless Wet Seal is restrained by this Court, Wet

25   Seal will continue and/or expand the illegal activities alleged in this Complaint and otherwise continue

26   to cause great and irreparable damage and injury to LS&CO. by, among other things:

27           a.    Depriving LS&CO. of its statutory rights to use and control use of its

28               trademark;

b.  Creating a likelihood of confusion, mistake and deception among consumers and the trade as to the source of the infringing products;

c.  Causing the public falsely to associate LS&CO. with Wet Seal or vice versa;

d.  Causing incalculable and irreparable damage to LS&CO.'s goodwill and diluting the capacity of its Arcuate trademark to differentiate LEVI'S® products from others; and

e.  Causing LS&CO. to lose sales of its genuine clothing products.

18.  Accordingly, in addition to other relief sought, LS&CO. is entitled to preliminary and permanent injunctive relief against Wet Seal and all persons acting in concert with it.

**FIRST CLAIM**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. §§ 1114-1117; Lanham Act § 32)**

19.  LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 18 of this Complaint.

20.  Without LS&CO.'s consent, Wet Seal has used, in connection with the sale, offering for sale, distribution or advertising of Wet Seal's goods, designs that infringe upon LS&CO.'s registered Arcuate trademark.

21.  These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114. ·

22.  As a direct and proximate result of Wet Seal's infringing activities, LS&CO. has suffered substantial damage.

23.  Wet Seal's infringement of LS&CO.'s trademark as alleged herein is an exceptional case and was intentional, entitling LS&CO. to treble its actual damages and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and 1117(b).

**SECOND CLAIM**
**FEDERAL UNFAIR COMPETITION**
**(False Designation of Origin and False Description)**
**(15 U.S.C. § 1125(a); Lanham Act § 43(a))**

24.  LS&CO. realleges and incorporates by reference each of the allegations contained in

1  paragraphs 1 through 23 of this Complaint.

2      25.    Wet Seal's conduct constitutes the use of symbols or devices tending falsely to describe

3  the infringing products, within the meaning of 15 U.S.C. § 1125(a)(1). Wet Seal's conduct is likely to

4  cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association,

5  origin, sponsorship or approval of the infringing products to the detriment of LS&CO. and in violation

6  of 15 U.S.C. § 1125(a)(1).

7      26.    As a direct and proximate result of Wet Seal's infringing activities, LS&CO. has

8  suffered substantial damage.

9  **THIRD CLAIM**
**FEDERAL DILUTION OF FAMOUS MARK**

10 **(Federal Trademark Dilution Act of 1995)**
**(15 U.S.C. § 1125(c); Lanham Act § 43(c))**

11

12     27.    LS&CO. realleges and incorporates by reference each of the allegations contained in

13 paragraphs 1 through 26 of this Complaint.

14     28.    LS&CO.'s Arcuate trademark is distinctive and famous within the meaning of 15

15 U.S.C. § 1125(c).

16     29.    Wet Seal's activities have diluted the distinctive quality of LS&CO.'s trademark in

17 violation of 15 U.S.C. § 1125(c).

18     30.    LS&CO. is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).

19     31.    Because Wet Seal willfully intended to trade on LS&CO.'s reputation or to cause

20 dilution of LS&CO.'s famous trademark, LS&CO. is entitled to damages, extraordinary damages, fees

21 and costs pursuant to 15 U.S.C. § 1125(c)(2).

22 **FOURTH CLAIM**
**CALIFORNIA DILUTION AND TRADEMARK INFRINGEMENT**

23 **(Cal. Bus. & Prof. Code §§ 14320, 14330, 14335, 14340)**

24     32.    LS&CO. realleges and incorporates by reference each of the allegations contained in

25 paragraphs 1 through 31 of this Complaint.

26     33.    Wet Seal's infringement of LS&CO.'s federal and state registered trademark is likely to

27 cause consumer confusion and dilution of LS&CO.'s trademark in violation of California Business &

28 Professions Code §§ 14320, 14330, and 14335.

1    34.    Wet Seal infringed and diluted LS&CO.'s Arcuate trademark with knowledge and

2    intent to cause confusion, mistake or deception.

3    35.    Wet Seal's conduct is aggravated by that kind of willfulness, wantonness, malice and

4    conscious indifference to the rights and welfare of LS&CO. for which California law allows the

5    imposition of exemplary damages.

6    36.    Pursuant to California Business & Professions Code § 14340, LS&CO. is entitled to

7    injunctive relief and damages in the amount of three times Wet Seal's profits and three times all

8    damages suffered by LS&CO. by reason of Wet Seal's manufacture, use, display or sale of infringing

9    goods.

### FIFTH CLAIM
### CALIFORNIA UNFAIR COMPETITION
#### (Cal. Bus. & Prof. Code § 17200)

12    37.    LS&CO. realleges and incorporates by reference each of the allegations contained in

13    paragraphs 1 through 36 of this Complaint.

14    38.    Wet Seal's infringement of LS&CO.'s Arcuate trademark constitutes "unlawful, unfair

15    or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising"

16    within the meaning of California Business & Professions Code § 17200.

17    39.    As a consequence of Wet Seal's actions, LS&CO. is entitled to injunctive relief and an

18    order that Wet Seal disgorge all profits on the manufacture, use, display or sale of infringing goods.

19
### SIXTH CLAIM
### BREACH OF 1998 SETTLEMENT AGREEMENT

21    40.    LS&CO. realleges and incorporates by reference each of the allegations contained in

22    paragraphs 1 through 39 of this Complaint.

23    41.    Under the terms of the 1998 Agreement between LS&CO. and Wet Seal, Wet Seal

24    agreed not to manufacture, distribute, or sell any jeans that display any pocket stitching design that is

25    substantially similar to the Arcuate trademark without authorization from LS&CO.

26    42.    LS&CO. has performed all of its obligations under the 1998 Agreement.

27    43.    Wet Seal has breached the 1998 Agreement by manufacturing, distributing, and/or

28    selling jeans that display stitching designs that are substantially similar to the Arcuate trademark

1    without LS&CO.'s authorization.

2        44.    As a proximate result of Wet Seal's breach, LS&CO. has been damaged and has

3    incurred attorneys' fees and costs.

### SEVENTH CLAIM
### BREACH OF 2004 SETTLEMENT AGREEMENT

6        45.    LS&CO. realleges and incorporates by reference each of the allegations contained in

7    paragraphs 1 through 44 of this Complaint.

8        46.    Under the terms of the 2004 Agreement between LS&CO. and Wet Seal, Wet Seal

9    agreed not to manufacture, license, sell, offer for sale, distribute, import, export, advertise, promote or

10    display any bottoms, anywhere in the world, that display any stitching or stitching-like design

11    substantially similar to the design at issue in that case.

12        47.    LS&CO. has performed all of its obligations under the 2004 Agreement.

13        48.    Wet Seal has breached the 2004 Agreement by manufacturing, distributing, and/or

14    selling jeans that display stitching designs that are substantially similar to the design covered by the

15    2004 Agreement.

16        49.    As a proximate result of Wet Seal's breach, LS&CO. has been damaged and has

17    incurred attorneys' fees and costs.

### PRAYER FOR JUDGMENT

19        WHEREFORE, LS&CO. prays that this Court grant it the following relief:

20        50.    Adjudge that LS&CO.'s Arcuate trademark has been infringed by Wet Seal in violation

21    of LS&CO.'s rights under common law, 15 U.S.C. § 1114, and/or California law;

22        51.    Adjudge that Wet Seal has competed unfairly with LS&CO. in violation of LS&CO.'s

23    rights under common law, 15 U.S.C. § 1125(a), and/or California law;

24        52.    Adjudge that Wet Seal's activities are likely to, or have, diluted LS&CO.'s famous

25    Arcuate trademarks in violation of LS&CO.'s rights under common law, 15 U.S.C. § 1125(c), and/or

26    California law;

27        53.    Adjudge that Wet Seal has breached the 1998 settlement agreement with LS&CO.;

28        54.    Adjudge that Wet Seal has breached the 2004 settlement agreement with LS&CO.;

COMPLAINT    - 8 -    Levi Strauss & Co. v. The Wet Seal, Inc.
                      Case No. _____

55.    Adjudge that Wet Seal and each of its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

a.    Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods that display any words or symbols that so resemble LS&CO.'s Arcuate trademark as to be likely to cause confusion, mistake or deception, on or in connection with any product that is not authorized by or for LS&CO., including without limitation any product that bears any of the Wet Seal designs or any other confusingly similar approximation of LS&CO.'s Arcuate trademark;

b.    Using any word, term, name, symbol, device or combination thereof that causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Wet Seal or its goods with LS&CO. or as to the origin of Wet Seal's goods, or any false designation of origin, false or misleading description or representation of fact;

c.    Further infringing the rights of LS&CO. in and to any of its trademarks in its LEVI'S® brand products or otherwise damaging LS&CO.'s goodwill or business reputation;

d.    Otherwise competing unfairly with LS&CO. in any manner; and

e.    Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

56.    Adjudge that Wet Seal be required immediately to supply LS&CO.'s counsel with a complete list of individuals and entities from whom or which it purchased, and to whom or which it sold, offered for sale, distributed, advertised or promoted, infringing products as alleged in this Complaint;

57.    Adjudge that Wet Seal be required immediately to deliver to LS&CO.'s counsel its entire inventory of infringing products, including without limitation pants and any other clothing, packaging, labeling, advertising and promotional material and all plates, patterns, molds, matrices and other material for producing or printing such items, that is in Wet Seal's possession or subject to its control and that infringes LS&CO.'s Arcuate trademark as alleged in this Complaint;

58.    Adjudge that Wet Seal, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon LS&CO.'s counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

59.    Adjudge that LS&CO. recover from Wet Seal its compensatory and liquidated damages and lost profits in an amount to be proven at trial,

60.    Adjudge that Wet Seal be required to account for any profits that are attributable to its illegal acts, and that LS&CO. be awarded the greater of (1) three times Wet Seal's profits or (2) three times any damages sustained by LS&CO., under 15 U.S.C. § 1117, plus prejudgment interest;

61.    Order an accounting of and impose a constructive trust on all of Wet Seal's funds and assets that arise out of Wet Seal's infringing activities;

62.    Adjudge that Wet Seal be required to pay LS&CO. punitive damages for its oppression, fraud, malice and gross negligence, whether grounded on proof of actual damages incurred by LS&CO. or on proof of Wet Seal's unjust enrichment;

63.    Adjudge that LS&CO. be awarded its costs and disbursements incurred in connection with this action, including LS&CO.'s reasonable attorneys' fees and investigative expenses; and

64.    Adjudge that all such other relief be awarded to LS&CO. as this Court deems just and proper.

DATED: November 20, 2007                    Respectfully submitted,

By: _Gia L. Cincone_

Gia L. Cincone
TOWNSEND AND TOWNSEND AND CREW LLP
Two Embarcadero Center, Eighth Floor
San Francisco, California  94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

Attorneys for Plaintiff
LEVI STRAUSS & CO.

1

## DEMAND FOR JURY TRIAL

2          LS&CO. demands that this action be tried to a jury.

3

4    DATED:  November 20, 2007          Respectfully submitted,

5

6                                      By: _____

7                                           Gia L. Cincone
                                            TOWNSEND AND TOWNSEND AND CREW LLP
8                                           Two Embarcadero Center, Eighth Floor
                                            San Francisco, California  94111
9                                           Telephone: (415) 576-0200
                                            Facsimile: (415) 576-0300

10                                          Attorneys for Plaintiff
                                            LEVI STRAUSS & CO.
11

12   60816026 v1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                      - 11 -          Levi Strauss & Co. v. The Wet Seal, Inc.
                                               Case No. _____

Exhibit A



Exhibit A-1



Exhibit A-2



Exhibit A-3



Exhibit A-4



Exhibit A-5



Exhibit A-6



Exhibit A-7

Exhibit B

Int. Cl.: 25

Prior U.S. Cl.: 39

**Reg. No. 1,139,254**

## United States Patent and Trademark Office

Registered Sep. 2, 1980

### TRADEMARK
#### Principal Register



Levi Strauss & Co. (Delaware corporation)
Two Embarcadero Ctr.
San Francisco, Calif.   94106

For: PANTS, JACKETS, SKIRTS, DRESSES AND SHORTS, in CLASS 25 (U.S. CL. 39).

First use 1873; in commerce 1873.

Owner of U.S. Reg. No. 404,248.

Ser. No. 169,399. Filed May 8, 1978.

M. J. LEAHY, Primary Examiner



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office

OFFICE OF ASSISTANT COMMISSIONER FOR TRADEMARKS
2900 Crystal Drive
Arlington, Virginia  22202-3513

REGISTRATION NO: 1139254      SERIAL NO: 73169399      MAILING DATE: 08/06/2001
REGISTRATION DATE: 09/02/1980
MARK: MISCELLANEOUS DESIGN
REGISTRATION OWNER: LEVI STRAUSS & CO.
CORRESPONDENCE ADDRESS:

SARAH R. FULLER
LEGAL STRATEGIES GROUP
5905 CHRISTIE AVENUE
EMERYVILLE, CA  94608-1925

# NOTICE OF ACCEPTANCE
### 15 U.S.C. Sec. 1058(a)(3)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-
IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE
TRADEMARK ACT, 15 U.S.C. Sec. 1058.

**ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# NOTICE OF RENEWAL
### 15 U.S.C. Sec. 1059(a)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-
IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 9 OF THE
TRADEMARK ACT, 15 U.S.C. Sec. 1058.

**ACCORDINGLY, THE REGISTRATION IS RENEWED.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):**
025.

HARPER, BARBARA A
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
(703)308-9500

**PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION**



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:
### UNITED STATES DEPARTMENT OF COMMERCE
#### United States Patent and Trademark Office

July 16, 2001

THE ATTACHED U.S. TRADEMARK REGISTRATION *404,248* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM  *November 16, 1943*
*2nd* RENEWAL FOR A TERM OF *20* YEARS FROM  *November 16, 1983*
SECTION 8 & 15
REPUBLISHED SECTION 12C
SAID RECORDS SHOW TITLE TO BE IN:
  *STRAUSS, LEVI & CO.*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

H. PHILLIPS
Certifying Officer

**Registered Nov. 16, 1943**

# Trade-Mark 404,248

Republished, under the Act of 1946, April 27, 1948, by
Levi Strauss & Company, San Franisco, Calif.

Affidavit under Section 8 accepted.
Affidavit under Section 15 received, Aug. 31, 1953.

# UNITED STATES PATENT OFFICE

**Levi Strauss & Company, San Francisco, Calif.**

**Act of February 20, 1905**

**Application September 25, 1942, Serial No. 455,769**



## STATEMENT

*To the Commissioner of Patents:*

Levis Strauss & Company, a corporation duly organized under the laws of the State of California and located at the city and county of San Francisco, State of California, and doing business at 98 Battery Street, San Francisco, California, has adopted and used the trade-mark shown in the accompanying drawing, for WAISTBAND TYPE OVERALLS, in Class 39, Clothing, and presents herewith five facsimiles showing the trade-mark as actually used by applicant upon the goods, and requests that the same be registered in the United States Patent Office in accordance with act of February 20, 1905. The trade-mark has been continuously used and applied to said goods in applicant's business since the year 1873. The trade-mark consists of double arcuate designs of orange color displayed on the hip pockets of the overalls as shown on the drawing. The mark is applied to the overalls by stitching the double arcuate designs on the hip pockets with orange colored thread, or by painting the lines of said design on the hip pockets with orange colored paint.

No claim is made to the exclusive use of the representation of a pair of overalls.

The undersigned hereby appoints Castberg & Roemer, a firm composed of Thomas Castberg and Irving C. Roemer, whose address is 807 Crocker Building, San Francisco, California, and whose registration number is 15,030, as its attorneys, with full power of substitution and revocation, to prosecute this application, to make alterations and amendments therein, to receive the certificate of registration, and to transact all business in the Patent Office connected therewith.

LEVI STRAUSS & COMPANY,
By DANIEL E. KOSHLAND,
*Vice President.*



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

April 06, 2006

THE ATTACHED U.S. TRADEMARK REGISTRATION 2,791,156 IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM   *December 09, 2003*

SAID RECORDS SHOW TITLE TO BE IN:
*LEVI STRAUSS & CO.*
*A DELAWARE CORPORATION*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

*L. Edelen*

L. EDELEN
Certifying Officer

**Int. Cl.: 25**

**Prior U.S. Cls.: 22 and 39**

**Reg. No. 2,791,156**

## United States Patent and Trademark Office

Registered Dec. 9, 2003

## TRADEMARK
### PRINCIPAL REGISTER



LEVI STRAUSS & CO. (DELAWARE CORPORATION)
1155 BATTERY STREET
SAN FRANCISCO, CA 94111

FOR: PANTS, JEANS, SHORTS, SHIRTS, T-SHIRTS, BLOUSES, SKIRTS AND JACKETS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 9-1-1936; IN COMMERCE 9-1-1936.

OWNER OF U.S. REG. NOS. 1,041,846, 1,135,196, AND 1,139,254.

THE LINING AND SHADING SHOWN IN THE DRAWING ARE FEATURES OF THE MARK AND NOT INTENDED TO INDICATE COLOR.

THE MARK CONSISTS OF THE COMBINATION OF A DOUBLE ARCUATE AND TAB DESIGN SHOWN ON THE SHAPE OF A POCKET, AS INDICATED BY A SOLID LINE.

SER. NO. 78-144,339, FILED 7-16-2002.

ELLEN B. AWRICH, EXAMINING ATTORNEY



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

April 06, 2006

THE ATTACHED U.S. TRADEMARK REGISTRATION 2,794,649 IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF 10 YEARS FROM   December 16, 2003

SAID RECORDS SHOW TITLE TO BE IN:
    LEVI STRAUSS & CO.
    A DELAWARE CORPORATION

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

L. Edelen

L. EDELEN
Certifying Officer



Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

## United States Patent and Trademark Office

Reg. No. 2,794,649
Registered Dec. 16, 2003

## TRADEMARK
### PRINCIPAL REGISTER



LEVI STRAUSS & CO. (DELAWARE CORPORA-
TION)
1155 BATTERY STREET
SAN FRANCISCO, CA 94111

FOR: PANTS, JEANS, SHORTS, SHIRTS, T-
SHIRTS, BLOUSES, SKIRTS AND JACKETS, IN
CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 0-0-1873; IN COMMERCE 0-0-1873.

THE MARK CONSISTS OF A DOUBLE ARCUATE
DESIGN.

SER. NO. 78-142,765, FILED 7-10-2002.

GINNY ISAACSON, EXAMINING ATTORNEY



# State of California

## SECRETARY OF STATE

**Trademark Reg. No.** 88399  **Class No.** Int. 25  **Renewal No.** 15637

### CERTIFICATE OF RENEWAL OF TRADEMARK

*I, BILL JONES,* **Secretary of State of the State of California, hereby certify:**

**That an application for renewal has been filed in this office for the TRADEMARK described below:**

**Name of Applicant:**  Levi Strauss & Co.
**Business Address:**  1155 Battery Street  San Francisco, CA  94111
**Date First Used in California:**  1873
**Date First Used Anywhere:**  1873
**Description of Trademark:**  Arc Design.  Design of two concentric arcs placed in such a manner that they meet in the center
**Description of Goods on Which the Trademark is Used:**  Pants, shirts, and jackets
**Date of Registration:**  August 24, 1988
**Term of Registration Extends to and Includes:**  August 24, 2008

IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this 6th day of July, 1998



BILL JONES
Secretary of State

NP-24 A (Rev. 1-96)                                                                    98 38011



# State of California
## Secretary of State

### RENEWAL OF TRADEMARK OR SERVICE MARK
Pursuant to Business and Professions Code Section 14250

APPLICATION FOR RENEWAL MUST BE RECEIVED BY THE SECRETARY OF STATE WITHIN (BUT NOT BEFORE) THE SIX-MONTH PERIOD PRIOR TO THE DATE OF EXPIRATION OF THE CURRENT REGISTRATION TOGETHER WITH RENEWAL FEE.)

SEND THE SIGNED APPLICATION WITH ORIGINAL SIGNATURE(S) TO THE SECRETARY OF STATE, TRADEMARK UNIT, P.O. BOX 944225, SACRAMENTO, CA 94244-2250.

| RENEWAL APPLICATION FOR: | ☒ TRADEMARK | ☐ SERVICE MARK |
|---|---|---|

**1. NAME OF APPLICANT:**

LEVI STRAUSS & CO.

**2. STREET ADDRESS: (DO NOT GIVE P. O. BOX) (FOR SERVICE MARK, PROVIDE CALIFORNIA BUSINESS ADDRESS)**

1155 Battery Street

| CITY: San Francisco | STATE: CA | ZIP CODE 94111 |
|---|---|---|

**3. BUSINESS STRUCTURE: (CHECK ONE)**

☐ LIMITED PARTNERSHIP              ☐ SOLE PROPRIETOR

☐ LIMITED LIABILITY COMPANY        ☐ UNINCORPORATED ASSOCIATION

☐ GENERAL PARTNERSHIP              ☐ HUSBAND AND WIFE, AS COMMUNITY PROPERTY

☒ CORPORATION (STATE OF INCORPORATION) Delaware       ☐ OTHER (DESCRIBE) _____

**4. IF PARTNERSHIP, LIST NAMES OF PARTNERS**    **5. NAMES OF MEMBER(S) OR MANAGER(S), IF APPLICANT IS A LIMITED LIABILITY COMPANY**

**6. NAME AND/OR DESCRIPTION OF TRADE/SERVICE MARK:** A device created by two concentric arcs placed on pockets in such a manner that they meet in the center thereof, usually applied by stitching.  ARC DESIGN.

| 7. TRADE/SERVICE MARK REGISTRATION NUMBER | 8. DATE OF REGISTRATION |
|---|---|
| 088399 | August 24, 1988 |

THE MARK WAS ADOPTED, USED, AND CONTINUES TO BE USED WITHIN THE STATE OF CALIFORNIA BY THE APPLICANT IN THE FORM AND MANNER SPECIFIED IN THE PRESENT REGISTRATION.

**9. NAME OF CORPORATION/PARTNERSHIP/LIMITED LIABILITY COMPANY (IF APPLICABLE)**

LEVI STRAUSS & CO.

SIGNATURE (IF PARTNER OR CORPORATE OFFICER, INCLUDE TITLE.)          DATE

**THIS SPACE FOR FILING OFFICER USE**

TRADE/SERVICE MARK

REG. NO. 88399

RENEWAL NO. 015637

**10. RETURN ACKNOWLEDGMENT TO: (TYPE OR PRINT)**

NAME      Sarah R. Fuller
ADDRESS   Legal Strategies Group
          5905 Christie Avenue
CITY      Emeryville, CA  94608-1925
STATE
ZIP CODE

**FILED**
In the office of the Secretary of State
of the State of California

JUL - 6 1998

BILL JONES, Secretary of State

SEC/STATE LP/TM 109 (REV. 4/96)                 FILING FEE: $36.00

Int. 25

ABC    100213



**State of California**

NOT TRANSFERABLE

**Office of**

SEP 01 1988

**March Fong Eu**

**Secretary of State**
SACRAMENTO

As Secretary of State, it is my pleasure to notify you that the mark you submitted has been registered in this office.

Please be advised that Section 14220(f) of the Business and Professions Code specifies that a mark shall not be registered if it so resembles a mark or trade name already registered or used in this state by another and not abandoned, as to be likely, when applied to the goods or services of the applicant, to cause confusion or mistake or to deceive.

My office has conducted a search of California trademark and service mark registrations. Your mark does not appear to resemble any previous registration.

Please be advised, however, that there may be unregistered marks or California trade names used by corporations and partnerships, fictitious names, and names under which individuals conduct business which may resemble your registration. A check for such names is beyond the scope of the review of this office in registering marks.

Most sincerely,

*March Fong Eu*

MARCH FONG EU

SEC/STATE FORM LP-220



# State of California



OFFICE OF THE SECRETARY OF STATE

Trademark
Reg. No.___088399___

## CERTIFICATE OF REGISTRATION OF TRADEMARK

I, MARCH FONG EU, Secretary of State of the State of California, hereby certify:

That in accordance with the application filed in this office the TRADEMARK described below has been duly registered in this office on behalf of:

Name of Applicant_____LEVI STRAUSS & CO._____

Business Address_____1155 Battery Street_____
_____San Francisco, CA  94111_____
Date First Used in California_1873_____
Date First Used Anywhere__1873_____
Description of Trademark___A device created by two concentric arcs placed on pockets_ in such a manner that they meet in the center thereof, usually applied by stitching.
Class No.____39_____
Description of Goods on Which the Trademark is Used_Pants, shirts and jackets_

A copy, specimen, facsimile, counterpart or a reproduction of the mark is attached.
Date of Registration_____August 24, 1988_____
Term of Registration Extends to and Includes_____August 24, 1998_____



*IN WITNESS WHEREOF,* I execute this certificate and affix the Great Seal of the State of California this

24th day of  August, 1988

*March Fong Eu*

*Secretary of State*

SEC/STATE FORM TM-103 (Rev. 1/88)

**A COPY, SPECIMEN, FACSIMILE, COUNTERPART OR**

**REPRODUCTION OF TRADEMARK REG. NO.** 088399





APPLICATION TO REGISTER A TRADEMARK
IN THE STATE OF CALIFORNIA

| Trademark Reg. No. | 088399 |
|---|---|

Class No. _39_

**FILED**
In the office of the Secretary of State
of the State of California

AUG 24 1988

_March Fong Eu_

MARCH FONG EU
SECRETARY OF STATE

TO:  MARCH FONG EU
Secretary of State
923 12th Street, Suite 301
Sacramento, California  95814
(916) 445-9872

Applicant requests registration of the trademark described below and submits the following information along with the registration fee of $50.00:

1.  Name of Applicant  LEVI STRAUSS & CO.

CHECK ONE:  [ ] Sole Proprietor        [X] Corporation

[ ] Limited Partnership    [ ] General Partnership

[ ] Unincorporated Association

[ ] Husband and Wife, as community property

[ ] Other (Describe) _____

2.  Business Address, City, State  1155 Battery Street, San Francisco, CA  94111

3.  State of Incorporation, if applicant is a corporation  Delaware

4.  Names of the general partners, if applicant is a partnership _____

5.  Description of the Trademark.  The trademark consists of the following:  A device created by two concentric arcs placed on pockets in such a manner that they meet in the center thereof, usually applied by stitching.

6.  The specific goods, products, or merchandise (stock-in-trade) which the applicant(s) sell(s) to the customers, and on which the trademark is used, are/is as follows: _____

pants, shirts and jackets

(OVER)

7. The trademark has previously been used, and is now being used on said goods in the State of California as follows:

[ X ] On labels and tags affixed to the goods.
[ ] On labels and tags affixed to containers of the goods.
[ X ] By printing it directly onto the goods.
[ ] By printing it directly onto the containers for the goods.

8. Enclosed as specimens or facsimiles are:

[ ] Five identical actual lables.
[ ] Five identical actual tags.
[ X ] Five identical photographs of the goods/containers showing the trademark thereon.
[ ] Five entire front panels of a paper container bearing the trademark.

9. The date the trademark was first used in California is ___1873___.

The date the trademark was first used anywhere is ___1873___.

The applicant is the owner of the mark and no other person has the right to use such mark in the State of California either in the identical form thereof or in such near resemblance thereto as might be calculated to deceive or to be mistaken therefor.

LEVI STRAUSS & CO.
Type name of corporation or partnership on above line (leave above line blank if sole proprietor)

BY ___(signature)___
Signature of applicant, partner, officer of corporation; if partner, so state and if officer, set forth title of office
Tracy MacLeod, Assistant Secretary

## VERIFICATION

Tracy MacLeod
_____ declares under penalty of perjury under the laws of the State of California that the statements contained in the foregoing application are true of his/her own knowledge.

DATED: June 30, 1988

BY ___(signature)___
Signature of applicant, partner, officer of corporation; if partner, so state and if officer, set forth title of office

5/86



438326

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE

#### United States Patent and Trademark Office

**July 16, 2001**

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,139,254* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM   *September 02, 1980*
*SECTION 8 & 15*
SAID RECORDS SHOW TITLE TO BE IN:
    *LEVI STRAUSS & CO.*
    *A DE CORP*



By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

H. PHILLIPS
Certifying Officer

TM 88 399



Exhibit C





Exhibit C-1





Exhibit C-2





Exhibit C-3





Exhibit C-4

Exhibit D

## SETTLEMENT AGREEMENT BETWEEN
## LEVI STRAUSS & CO. AND THE WET SEAL, INC.

### RECITALS

A.    Levi Strauss & Co. (hereinafter "LS&CO.") is the owner of the Arcuate Stitching Design trademark (hereinafter the "Arcuate trademark") which it has used for many years to identify itself as the source of its clothing products, including jeans. LS&CO.'s Arcuate trademark is a federally registered incontestable trademark.

B.    The Wet Seal, Inc. has manufactured, distributed, and sold jeans under the brand name Evolution. Evolution jeans have displayed a pocket stitching design (hereinafter the "Evolution stitching design") which LS&CO. alleges to be highly similar to LS&CO.'s Arcuate trademark. A photocopy of the rear pocket portion of Evolution jeans displaying this design is attached hereto as Exhibit A.

C.    LS&CO. and The Wet Seal, Inc., on behalf of themselves, their successors and assigns, desire to compromise, settle, and release all actual and potential claims and disputes between them which in any way arise out of or are connected to the Evolution stitching design. Therefore, in consideration of the terms, conditions, and representations set forth below, LS&CO. and The Wet Seal, Inc. hereby agree to the following terms and conditions.

### TERMS

1.    The Wet Seal, Inc. represents and warrants that as of March 1, 1997, it has discontinued manufacturing and distributing jeans that display the Evolution stitching design illustrated in Exhibit A.

2.     The Wet Seal, Inc. represents and warrants that as of the date of this Agreement, there are no garments displaying the Evolution stitching design in its inventory.

3.     The Wet Seal, Inc. agrees that it will not institute or reinstitute in the future any manufacture, distribution, or sale of jeans that display any pocket stitching design in the form and placement illustrated in Exhibit A.  The Wet Seal, Inc. further agrees that it will not institute or reinstitute in the future any manufacture, distribution, or sale of jeans that display any pocket stitching design that is substantially similar to LS&CO.'s Arcuate trademark, without authorization from LS&CO.

4.     In consideration for The Wet Seal, Inc.'s promises and representations  summarized above, LS&CO. will not seek any legal remedy relating to the past manufacture, distribution, or sale by The Wet Seal, Inc. of jeans displaying the Evolution stitching design illustrated in Exhibit A.  In addition, LS&CO. releases The Wet Seal, Inc. from any claims, actions, or causes of action arising from the past manufacture, distribution or sale of garments displaying the Evolution stitching design.

5.     Nothing in this agreement shall be construed to mean that LS&CO. has approved or waived its right to challenge any pocket stitching design that The Wet Seal, Inc. has used in the past or may choose to use in the future.

6.     These agreements by the parties and releases by LS&CO. are conditioned on the other party complying with all of the terms of this Agreement.

7.     The parties each represent that this Agreement is freely and voluntarily entered into, with the independent advice of each party's attorneys; that no promise, inducement, or agreement not contained in this Agreement has been made on any subject in connection with this Agreement; and that they have not been induced to execute this Agreement by reason of the non-disclosure or suppression of any fact.

486_1

2

8.     This Agreement constitutes the entire agreement between the parties. It may not be altered, modified or otherwise changed in any respect except by writing, duly executed by both parties or their authorized representatives.

9.     This Agreement is entered into and is to be construed pursuant to the laws of the State of California, and any action arising out of or related to this Agreement shall be filed in the United States District Court for the Northern District of California or in San Francisco Superior Court.

10.     In the event any provision of this Agreement or the application of any such provision shall be held by a court or tribunal to be invalid or unenforceable, the remaining provisions of this Agreement shall remain in full force and effect.

11.     Should either party commence an action or counterclaim for breach of this Agreement, the prevailing party shall be awarded reasonable attorney's fees and costs from the other party.

12.     The parties declare that each of them has read this Agreement, knows and understands its contents, and comprehends and agrees to all of its terms, conditions and meanings and their significance.

///

///

///

///

86_1

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Agreement as of the date on which the last-signing party signs below.

DATED: _2-4-98_

THE WET SEAL, INC.

By: _____

Name: _KATHY BRONSTEIN_

Title: _VICE CHAIRMAN - CEO_

DATED: _2/20/98_

LEVI STRAUSS & CO.

By: _____

Name: _____
JOSEPH M. MAURER
VICE PRESIDENT & TREASURER

Title: _____

(Exhibit A to Settlement Agreement)

Exhibit D



Exhibit E

## SETTLEMENT AGREEMENT BETWEEN
## LEVI STRAUSS & CO. AND THE WET SEAL, INC.

### RECITALS

A.      This Agreement is entered into by and between Levi Strauss & Co. ("LS&CO."),
a Delaware corporation with its principal place of business at Levi's Plaza, 1155 Battery Street,
San Francisco, California 94111, and The Wet Seal, Inc. (hereinafter "Wet Seal"), a Delaware
corporation with its principal place of business at 26972 Burbank, Foothill Ranch, CA 92610.

B.      LS&CO. is the owner of the Arcuate Stitching Design Trademark (hereinafter the
"Arcuate Trademark"), which it has used for many years to identify itself as the source of its
clothing products, including jeans.  Illustrative examples of LS&CO.'s registrations for its
Arcuate Trademark is attached as Exhibit A.

C.      Wet Seal's Blue Asphalt jeans have displayed a pocket stitching design
(hereinafter the "Blue Asphalt stitching design").  LS&CO. alleges that the Blue Asphalt
stitching design violates its rights in the Arcuate Trademark.  An image of Blue Asphalt jeans
displaying the Blue Asphalt stitching design is attached as Exhibit B.

D.      On October 10, 2003, LS&CO. sent a letter to Wet Seal claiming that the Blue
Asphalt stitching design violates LS&CO.'s rights in its trademark.  LS&CO.'s claims are
referred to in this Agreement as the "Dispute."

E.      LS&CO. and Wet Seal desire to settle the Dispute.  Therefore, in consideration of
their mutual agreement to settle, LS&CO. and Wet Seal agree as follows.

### TERMS

1.      Wet Seal represents and warrants that as of the date of this Agreement, it has
discontinued manufacturing, licensing or authorizing the manufacture of bottoms, including
without limitation pants, trousers, skirts and shorts, (hereinafter "bottoms") that display the Blue
Asphalt stitching design illustrated in Exhibit B.  Save for distribution and sale of remaining
inventory as provided below, Wet Seal agrees that it will not in the future manufacture, license,
sell, offer for sale, distribute, import, export, advertise, promote, or display any bottoms,

11/820.2

anywhere in the world, that display any stitching or stitching-like design in the shape illustrated in Exhibit B or in any shape substantially similar to that illustrated in Exhibit B.

2.      Wet Seal represents and warrants that as of the date of this Agreement, there are no more than 44,000 bottoms displaying the Blue Asphalt stitching design in its inventory. Wet Seal agrees to sell all remaining inventory of bottoms displaying the Blue Asphalt stitching design April 15, 2004.

3.      Subject to Wet Seal's strict compliance with all terms of this Agreement, LS&CO. releases Wet Seal, its affiliates, subsidiaries, officers and employees from any claims, actions, or causes of action related to the Dispute that arose before the date of this Agreement. Subject to LS&CO.'s strict compliance with all terms of this Agreement, Wet Seal releases LS&CO., its affiliates, subsidiaries, officers and employees from any claims, actions, or causes of action arising from LS&CO.'s enforcement of its trademarks that arose before the date of this Agreement. The parties acknowledge that their releases do not apply to any matter not specifically released by this Agreement.

4.      In the event that Wet Seal breaches the terms of this Agreement by making, selling or offering for sale bottoms displaying the stitching design illustrated in Exhibit B other than as provided for in Paragraph 2, it shall pay to LS&CO. liquidated damages of (a) 10% of the sales revenue received by Wet Seal at any time on account of bottoms displaying the stitching design illustrated in Exhibit B, or (b) $10,000, whichever is greater. Such liquidated damages shall be in addition to any damages award or equitable relief to which LS&CO. may be entitled with respect to future sales by Wet Seal that violate LS&CO.'s trademark rights. If LS&CO. commences an action for enforcement of this liquidated damages provision, the prevailing party shall be awarded reasonable attorneys' fees and costs from the other party.

5.      LS&CO. and Wet Seal agree that after the date of this Agreement, if LS&CO. becomes aware of Blue Asphalt brand bottoms which LS&CO. considers to be infringing of LS&CO.'s Arcuate Trademark and/or in breach of this Settlement Agreement, LS&CO. shall first provide 20 days notice to Wet Seal and the parties shall confer in good faith to determine whether any potential dispute regarding the bottoms in question may be resolved, without resort to litigation. If the parties are unable to reach resolution, any related litigation shall be filed in

the Northern District of California or the Superior Court for the City and County of San Francisco.

6.      Such notice to Wet Seal shall be in writing and shall be deemed to have been duly given or made as follows:  (i) if sent by registered or certified mail in the United States return receipt requested, upon receipt; (ii) if sent by reputable overnight air courier (such as DHL or Federal Express), two (2) business days after mailing; (iii) if sent by facsimile transmission with a copy mailed on the same day in the manner provided in (i) or (ii) above, when transmitted and receipt is confirmed by telephone; or (iv) if otherwise actually personally delivered, when delivered and shall be delivered to Wet Seal's attorney as follows:

> Larry Smith, Esq.
> THE WET SEAL, INC.
> 26972 Burbank
> Foothill Ranch, CA 92610
> Phone: (949) 699-4848
> Facsimile: (949) 699-4743

7.      Wet Seal agrees to take all steps necessary immediately to withdraw all pending trademark applications, if any, and cancel all trademark registrations, if any, for the Blue Asphalt stitching design illustrated in Exhibit B.

8.      The parties each represent that this Agreement is freely and voluntarily entered into, with the independent advice of each party's attorneys; that no promise, inducement, or agreement not contained in this Agreement has been made on any subject in connection with this Agreement.  This Agreement shall be deemed to have been drafted by all parties to the Agreement and no rule of construction shall be applied against any party as the drafter.

9.      This Agreement constitutes the entire agreement between the parties relating to the Dispute, and is binding on the parties, their affiliates, subsidiaries, assignees, licensees, successors and all other entities under their control.  It may not be altered, modified or otherwise changed in any respect except by writing, duly executed by the parties or their authorized representatives.

10.    In the event any provision of this Agreement or the application of any such provision shall be held by a court or tribunal to be invalid or unenforceable, the remaining provisions of this Agreement shall remain in full force and effect.

11.    Any delay by one party in enforcing its rights under this Agreement shall not be construed as a waiver, in full or in part, by that party of any such rights.

12.    Each party represents and warrants that it is authorized to enter into this Agreement and that the person executing this Agreement on its behalf has the capacity, full power and authority to bind it to each and every provision of this Agreement.

13.    THE PARTIES DECLARE THAT EACH OF THEM HAS READ THIS AGREEMENT, KNOWS AND UNDERSTANDS ITS CONTENTS, AND COMPREHENDS AND AGREES TO ALL OF ITS TERMS, CONDITIONS AND MEANINGS AND THEIR SIGNIFICANCE.

IN WITNESS WHEREOF, the parties have executed and delivered this Agreement as of the date on which the last-signing party signs below.

DATED: 12/17/03

THE WET SEAL, INC.

By: William Langsdorf

Name: William Langsdorf

Title: CFO

DATED: 1/5/04

LEVI STRAUSS & CO.

By: Thomas M. Onda

Name: Thomas M. Onda

Title: Assistant Secretary

11/820.2

(Exhibit A to Settlement Agreement)

Exhibit E



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME;

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

July 16, 2001

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,139,254* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM   *September 02, 1980*
*SECTION 8 & 15*
SAID RECORDS SHOW TITLE TO BE IN:
   *LEVI STRAUSS & CO.*
   *A DE CORP*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

H. PHILLIPS
Certifying Officer

Int. Cl.: 25

Prior U.S. Cl.: 39

Reg. No. 1,139,254

## United States Patent and Trademark Office

Registered Sep. 2, 1980

## TRADEMARK
### Principal Register



Levi Strauss & Co. (Delaware corporation)
Two Embarcadero Ctr.
San Francisco, Calif. 94106

For: PANTS, JACKETS, SKIRTS, DRESSES AND
SHORTS, in CLASS 25 (U.S. CL. 39).
    First use 1873; in commerce 1873.
    Owner of U.S. Reg. No. 404,248.

Ser. No. 169,399. Filed May 8, 1978.

M. J. LEAHY, Primary Examiner

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
OFFICE OF ASSISTANT COMMISSIONER FOR TRADEMARKS
2900 Crystal Drive
Arlington, Virginia  22202-3513

REGISTRATION NO: 1139254     SERIAL NO: 73169399      MAILING DATE: 08/06/2001
REGISTRATION DATE: 09/02/1980
MARK: MISCELLANEOUS DESIGN
REGISTRATION OWNER: LEVI STRAUSS & CO.
CORRESPONDENCE ADDRESS:

SARAH R. FULLER
LEGAL STRATEGIES GROUP
5905 CHRISTIE AVENUE
EMERYVILLE, CA  94608-1925

# NOTICE OF ACCEPTANCE
## 15 U.S.C. Sec. 1058(a)(3)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-
IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE
TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.

**************************************************

# NOTICE OF RENEWAL
## 15 U.S.C. Sec. 1059(a)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-
IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 9 OF THE
TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE REGISTRATION IS RENEWED.

**************************************************

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
025.

HARPER, BARBARA A
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
(703)308-9500

   PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
   CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION

TMLT6  (9/99)



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:
### UNITED STATES DEPARTMENT OF COMMERCE

**United States Patent and Trademark Office**

July 16, 2001

THE ATTACHED U.S. TRADEMARK REGISTRATION *404,248* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM *November 16, 1943*
*2nd* RENEWAL FOR A TERM OF *20* YEARS FROM *November 16, 1983*
SECTION 8 & 15
REPUBLISHED SECTION 12C
SAID RECORDS SHOW TITLE TO BE IN:

    *STRAUSS, LEVI & CO.*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

H. PHILLIPS
**Certifying Officer**

Registered Nov. 16, 1943    Trade-Mark 404,248

Republished, under the Act of 1946, April 27, 1948, by
Levi Strauss & Company, San Franisco, Calif.

Affidavit under Section 8 accepted.
Affidavit under Section 15 received, Aug. 31, 1953.

# UNITED STATES PATENT OFFICE

**Levi Strauss & Company, San Francisco, Calif.**

**Act of February 20, 1905**

**Application September 25, 1942, Serial No. 455,769**



## STATEMENT

*To the Commissioner of Patents:*

Levis Strauss & Company, a corporation duly organized under the laws of the State of California and located at the city and county of San Francisco, State of California, and doing business at 98 Battery Street, San Francisco, California, has adopted and used the trade-mark shown in the accompanying drawing, for WAISTBAND TYPE OVERALLS, in Class 39, Clothing, and presents herewith five facsimiles showing the trade-mark as actually used by applicant upon the goods, and requests that the same be registered in the United States Patent Office in accordance with act of February 20, 1905. The trade-mark has been continuously used and applied to said goods in applicant's business since the year 1873. The trade-mark consists of double arcuate designs of orange color displayed on the hip pockets of the overalls as shown on the drawing. The mark is applied to the overalls by stitching the double arcuate designs on the hip pockets with orange colored thread, or by painting the lines of said design on the hip pockets with orange colored paint.

No claim is made to the exclusive use of the representation of a pair of overalls.

The undersigned hereby appoints Castberg & Roemer, a firm composed of Thomas Castberg and Irving C. Roemer, whose address is 807 Crocker Building, San Francisco, California, and whose registration number is 15,030, as its attorneys, with full power of substitution and revocation, to prosecute this application, to make alterations and amendments therein, to receive the certificate of registration, and to transact all business in the Patent Office connected therewith.

LEVI STRAUSS & COMPANY,
By DANIEL E. KOSHLAND,
*Vice President.*

(Exhibit B to Settlement Agreement)

Exhibit E



Exhibit B