```
 1  COOPER, WHITE & COOPER LLP
    MARCY J. BERGMAN (SBN 75826)
 2    mbergman@cwclaw.com
    VIJAY K. TOKE (SBN 215079)
 3    vtoke@cwclaw.com
    201 California Street, 17th Floor
 4  San Francisco, California 94111
    Telephone:   (415) 433-1900
 5  Facsimile:   (415) 433-5530

 6  Attorneys for Defendant THE WET SEAL, INC.
```

UNITED STATES DISTRICT COURT

FOR NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEVI STRAUSS & CO.,<br><br>        Plaintiff,<br><br>vs.<br><br>THE WET SEAL, INC.,<br><br>        Defendant. | CASE NO. CV 07 5896 RS<br><br>**DEFENDANT THE WET SEAL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br>**DEMAND FOR A JURY TRIAL** |

Defendant, The Wet Seal, Inc. ("Defendant" or "Wet Seal") answers the complaint of Plaintiff Levi Strauss & Co. ("Plaintiff" or "LS&Co.") as follows:

**JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT**

1.  Defendant admits the truth of the allegations of paragraph 1. Defendant denies that Plaintiff is entitled to any of the relief that it seeks.

2.  Defendant admits the truth of the allegations of paragraph 2.

3.  Defendant admits the truth of the allegations of paragraph 3.

**PARTIES**

4.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and accordingly denies the same.

5.  Defendant admits that Plaintiff correctly alleges the address of Defendant's principal place of business. Defendant admits that it has offered for sale and sold jeans under the

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

593858.1                                    1                                    CV 07 5896
DEFENDANT THE WET SEAL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Wet Seal brand, as well as under the brands Younique and Zana Di, at its chain of retail stores and on its website. Defendant further admits that it has offered for sale and sold jeans in this judicial district. Defendant specifically denies that it manufactures or sources the jeans that it has offered for sale and sold. Except as specifically admitted herein, Defendant denies the truth of the remaining allegations of paragraph 5.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

LS&Co.'s Use of Its Trademarks

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and accordingly denies the same.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and accordingly denies the same.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and accordingly denies the same.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and accordingly denies the same.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and accordingly denies the same.

11. Defendant admits that it has offered for sale and sold jeans bearing the rear pocket designs shown in Exhibit C to the complaint. Defendant denies that it manufactures or sources such jeans, and further denies that the rear pocket designs are confusingly similar to Plaintiff's purported trademark.

12. Defendant admits that it has offered for sale and sold jeans bearing the rear pocket designs shown in Exhibit C to the complaint. Except as specifically admitted herein, Defendant denies the truth of the remaining allegations of paragraph 12.

13. Defendant admits that it entered into a Settlement Agreement with the Plaintiff in or about February 1998 and admits that a copy of that Settlement Agreement is attached as Exhibit D to the complaint. Except as specifically admitted herein, Defendant denies the truth of the

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

593858.1                             2                                CV 07 5896
DEFENDANT THE WET SEAL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

allegations of paragraph 13 and specifically denies that it has previously violated or infringed any of Plaintiff's alleged rights in its purported trademark.

14. Defendant admits that it entered into a Settlement Agreement with the Plaintiff in or about February 1998 and admits that a copy of that Settlement Agreement is attached as Exhibit D to the complaint. The terms of the February 1998 Settlement Agreement speak for themselves. Except as specifically admitted herein, Defendant denies the truth of the allegations of paragraph 14.

15. Defendant admits that it entered into a Settlement Agreement with the Plaintiff in or about January 2004 and admits that a copy of that Settlement Agreement is attached as Exhibit E to the complaint. Except as specifically admitted herein, Defendant denies the truth of the remaining allegations of paragraph 15 and specifically denies that it has previously violated or infringed any of Plaintiff's alleged rights in its purported trademark.

16. Defendant admits that it entered into a Settlement Agreement with the Plaintiff in or about January 2004 and admits that a copy of that Settlement Agreement is attached as Exhibit E to the complaint. The terms of the January 2004 Settlement Agreement speak for themselves. Except as specifically admitted herein, Defendant denies the truth of the allegations of paragraph 16.

17. Defendant denies the truth of the allegations of paragraph 17.

18. Defendant denies the truth of the allegations of paragraph 18.

## FIRST CLAIM

## FEDERAL TRADEMARK INFRINGEMENT

(15 U.S.C. §§ 1114-1117; Lanham Act § 32)

19. Defendant realleges and incorporates by reference each response contained in paragraphs 1 through 18 above.

20. Defendant denies the truth of the allegations of paragraph 20.

21. Defendant denies the truth of the allegations of paragraph 21.

22. Defendant denies the truth of the allegations of paragraph 22.

23. Defendant denies the truth of the allegations of paragraph 23.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

593858.1

3

CV 07 5896

DEFENDANT THE WET SEAL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

## SECOND CLAIM

## FEDERAL UNFAIR COMPETITION

(False Designation of Origin and False Description)

(15 U.S.C. § 1125(a); Lanham Act § 43(a))

24. Defendant realleges and incorporates by reference the responses contained in paragraphs 1 through 23 above.

25. Defendant denies the truth of the allegations of paragraph 25.

26. Defendant denies the truth of the allegations of paragraph 26.

## THIRD CLAIM

## FEDERAL DILUTION OF FAMOUS MARK

(Federal Trademark Dilution Act of 1995)

(15 U.S.C. § 1125(C); Lanham Act § 43(c))

27. Defendant realleges and incorporates by reference the responses contained in paragraphs 1 through 26 above.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28, and accordingly denies the same.

29. Defendant denies the truth of the allegations of paragraph 29.

30. Defendant denies the truth of the allegations of paragraph 30.

31. Defendant denies the truth of the allegations of paragraph 31.

## FOURTH CLAIM

## CALIFORNIA DILUTION AND TRADEMARK INFRINGEMENT

(Cal. Bus. & Prof. Code §§ 14320, 1330, 14335, 14340)

32. Defendant realleges and incorporates by reference the responses contained in paragraphs 1 though 31 above.

33. Defendant denies the truth of the allegations of paragraph 33.

34. Defendant denies the truth of the allegations of paragraph 34.

35. Defendant denies the truth of the allegations of paragraph 35.

36. Defendant denies the truth of the allegations of paragraph 36.

## FIFTH CLAIM

## CALIFORNIA UNFAIR COMPETITION

### (Cal. Bus. & Prof. Code § 17200)

37. Defendant realleges and incorporates by reference the responses contained in paragraphs 1 through 36 above.

38. Defendant denies the truth of the allegations of paragraph 38.

39. Defendant denies the truth of the allegations of paragraph 39.

## SIXTH CLAIM

## BREACH OF 1998 SETTLEMENT AGREEMENT

40. Defendant realleges and incorporates by reference the responses contained in paragraphs 1 through 39 above.

41. Defendant admits that it entered into a settlement agreement with Plaintiff in or about February 1998 and admits that a copy of that agreement is attached as Exhibit D to the complaint. The terms of the February 1998 Settlement Agreement speak for themselves. Except as specifically admitted herein, Defendant denies the truth of the allegations in paragraph 41.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42, and accordingly, denies the same.

43. Defendant denies the truth of the allegations of paragraph 43.

44. Defendant denies the truth of the allegations of paragraph 44.

## SEVENTH CLAIM

## BREACH OF 2004 SETTLEMENT AGREEMENT

45. Defendant realleges and incorporates by reference the responses contain in paragraphs 1 through 44 above.

46. Defendant admits that it entered into a settlement agreement with Plaintiff in or about January 2004 and admits that a copy of that agreement is attached as Exhibit E to the complaint. The terms of the January 2004 Settlement Agreement speak for themselves. Except as specifically admitted herein, Defendant denies the truth of the allegations in paragraph 46.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

593858.1                                5                                CV 07 5896
DEFENDANT THE WET SEAL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47, and accordingly denies the same.

48. Defendant denies the truth of the allegations of paragraph 48.

49. Defendant denies the truth of the allegations of paragraph 49.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims must fail because Defendant's accused pocket designs are not likely to cause consumer confusion with Plaintiff's purported trademark.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from obtaining relief due to its unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff is barred from recovery under the doctrine of equitable estoppel by reason of its conduct, acts, and omissions from recovering on any claim it might have against Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering under its dilution claims because the allegedly infringing designs contained in the complaint are not likely to dilute Plaintiff's marks.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering under its dilution claims because the marks that Plaintiff claims have been infringed are not famous.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because there is no likelihood of confusion between the jean pocket designs sold by Defendant since Defendant's jeans lack the red tab on the pocket, which all of Plaintiff's jeans contain.

### EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff is barred from recovery under the doctrine of acquiescence.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

593858.1                                    6                                    CV 07 5896
DEFENDANT THE WET SEAL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

### NINTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff is barred from recovery in this case because it has waived its right to maintain the action filed in this case.

### TENTH AFFIRMATIVE DEFENSE

The complaint and the fifth cause of action are barred because the fifth cause of action for state unfair competition is preempted by the second cause of action for federal unfair competition.

WHEREFORE, Defendant respectfully requests:

1. A judgment dismissing the complaint with prejudice;
2. An award of its reasonable attorneys' fees and costs in accordance with the terms of the February 1998 and 2004 Settlement Agreements; and
3. Such other and further relief as the Court may deem just and proper.

DATED: January 22, 2008                    COOPER, WHITE & COOPER LLP

By: _____
Marcy J. Bergman
Attorneys for Defendant THE WET SEAL, INC.

### DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant The Wet Seal, Inc. hereby demands trial by jury on all issues so triable.

DATED: January 22, 2008                    COOPER, WHITE & COOPER LLP

By: _____
Marcy J. Bergman
Attorneys for Defendant THE WET SEAL, INC.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

593858.1                                7                                CV 07 5896
DEFENDANT THE WET SEAL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES