TOWNSEND AND TOWNSEND AND CREW LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
GIA L. CINCONE (State Bar No. 141668)
RAQUEL PACHECO (State Bar No. 245328)
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
gsgilchrist@townsend.com; glcincone@townsend.com;
rpacheco@townsend.com

Attorneys for Plaintiff
LEVI STRAUSS & CO.

COOPER, WHITE & COOPER LLP
MARCY J. BERGMAN (State Bar No. 75826)
VIJAY K. TOKE (State Bar No. 215079)
201 California Street, 17th Floor
San Francisco, California 94111
Telephone: (415) 433-1900
Facsimile: (415) 433-5530
mbergman@cwclaw.com; vtoke@cwclaw.com

Attorneys for Defendant
THE WET SEAL, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEVI STRAUSS & CO.,<br><br>Plaintiff,<br><br>v.<br><br>THE WET SEAL, INC.,<br><br>Defendant. | Case No. C 07-5896 RS<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>**CMC DATE: March 19, 2008**<br>**CMC TIME: 2:30 p.m.** |

Plaintiff Levi Strauss & Co. ("LS&CO.") and defendant The Wet Seal, Inc. ("Wet Seal") jointly submit this Case Management Statement and Proposed Order.

**1. Jurisdiction and Service.**

LS&CO.'s first, second and third claims arise under the Lanham Act. This Court has

subject matter jurisdiction over those claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b) and 15 U.S.C. §1121, and supplemental jurisdiction over LS&CO.'s state law claims pursuant to 28 U.S.C. §1367. No issue exists as to personal jurisdiction or venue, and no parties remain to be served.

**2. Facts and Bases for Claims and Defenses.**

Plaintiff's Claims: LS&CO. is a Delaware corporation which has its principal place of business in San Francisco, California. LS&CO. is the sole owner of the Arcuate Stitching Design Trademark ("Arcuate Trademark"), which LS&CO. has used continuously in interstate commerce since 1873 and which is the oldest apparel trademark still in use in the United States. The Arcuate Trademark is federally registered and incontestable. Examples of LS&CO.'s use of the Arcuate Trademark on jeans are attached as Exhibit A to the Complaint, and LS&CO.'s federal and California registrations for the Arcuate Trademark are attached to the Complaint as Exhibit B.

Wet Seal is a Delaware corporation with its principal place of business at 26972 Burbank, Foothill Ranch, California 92610. Wet Seal distributes, produces and manufactures jeans and other apparel under the brand name WET SEAL. Wet Seal sells WET SEAL brand jeans at its chain of retail stores and on its website along with other brands of jeans, including without limitation YOUNIQUE and ZANA-DI. These jeans are sold in this judicial district and throughout the United States. Wet Seal has distributed WET SEAL, YOUNIQUE, and ZANA-DI brand jeans that display stitching designs that LS&CO. believes are confusingly similar to LS&CO.'s Arcuate Trademark and violate LS&CO.'s rights in its mark. LS&CO.'s complaint states claims against Wet Seal for trademark infringement, dilution and unfair competition under federal and California law.

Defendant's Defenses:

Wet Seal has sold jeans with pocket stitching, as shown in LS&CO.'s complaint, but denies that it manufactures or distributes jeans or any of the other products it sells. Wet Seal further contends that LS&CO.'s Arcuate Trademark is a weak mark and there is significant

third party use of pocket stitching similar to LS&CO.'s Arcuate Trademark. Wet Seal also contends that none of the accused pocket stitching is confusingly similar to LS&CO.'s Arcuate Trademark. Wet Seal further contends that LS&CO.'s Arcuate Trademark is not famous and that the accused pocket stitching does not dilute LS&CO.'s Arcuate Trademark. Wet Seal additionally contends that LS&CO. has not suffered any damages.

**3. Issues in Dispute.**

The issues (both factual and legal) set forth below are not meant to be final or exhaustive, and the parties reserve their rights to reformulate these issues or include other appropriate issues as they develop or become known to the parties through the course of discovery and investigation. Furthermore, the characterization of an issue as "factual" or "legal" is not necessarily a concession that it is not the other or both.

<u>Factual Issues:</u>

a. Whether Wet Seal's manufacture, distribution, and/or sale of products bearing the stitching designs at issue is likely to cause confusion, mistake or deception among consumers and potential consumers.

b. Whether Wet Seal's manufacture, distribution, and/or sale of products bearing the stitching designs at issue dilutes or is likely to dilute LS&CO.'s Arcuate Trademark.

c. Whether and to what extent LS&CO. has been damaged by Wet Seal's manufacture, distribution, and/or sale of products bearing the stitching designs at issue.

d. Whether the stitching designs at issue are covered by the 1998 Settlement Agreement between LS&CO. and Wet Seal.

e. Whether the stitching designs at issue are covered by the 2004 Settlement Agreement between LS&CO. and Wet Seal.

f. Whether LS&CO.'s Arcuate Trademark is famous.

Legal Issues:

a. Whether Wet Seal's manufacture, distribution, and/or sale of products bearing the stitching designs at issue constitutes infringement and dilution of LS&CO.'s Arcuate Trademark and unfair competition under the federal Lanham Act, 15 U.S.C. § 1051 *et seq*.

b. Whether Wet Seal's manufacture, distribution, and/or sale of products bearing the stitching designs at issue constitutes trademark infringement and unfair competition under California common law and/or Cal. Bus. & Prof. Code §§ 14320, 17200 *et seq*., and dilution of LS&CO.'s Arcuate Trademark under Cal. Bus. & Prof. Code § 14330.

c. Whether LS&CO. is entitled to an accounting and recovery of Wet Seal's profits on account of the infringement under the federal Lanham Act, 15 U.S.C. § 1117 (a) and/or common law.

d. Whether Wet Seal has breached the 1998 Settlement Agreement between LS&CO. and Wet Seal, by manufacturing, distributing, and/or selling jeans that display stitching designs that are substantially similar to LS&CO.'s Arcuate trademark without LS&CO.'s authorization.

e. Whether Wet Seal has breached the 2004 Settlement Agreement between LS&CO. and Wet Seal, by manufacturing, distributing, and/or selling jeans that display stitching designs that are substantially similar to the design covered by the 2004 Settlement Agreement.

f. Whether LS&CO.'s claims of unfair competition under California common law and/or Cal. Bus. & Prof. Code §§ 14320, 17200, *et seq*. are preempted by federal unfair competition law.

**4. Motions.**

The parties anticipate that they may file dispositive motions, depending on the evidence that is produced during the discovery process.

**5. Amendment of Pleadings.**

The parties have agreed to a deadline of April 30, 2008, to add additional parties.

**6. Evidence Preservation.**

LS&CO. has taken steps, including the suspension of normal document destruction programs and placement of a litigation hold for documents, including electronically stored documents, to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document destruction program and any ongoing erasure of emails, voice mails and other electronically recorded materials.

**7. Disclosures.**

LS&CO. has timely complied with the initial disclosure requirements of Fed. R. Civ. P. 26. The parties have agreed to a date of April 7, 2008 for Wet Seal's initial disclosures.

**8. Discovery.**

The parties expect to agree upon a stipulation regarding the entry of a protective order governing documents and information to be disclosed in the course of this litigation. Thereafter, the parties anticipate exchanging document requests and other written discovery and cooperating in arranging depositions of pertinent party and non-party witnesses. The parties have agreed to modify the timing for Wet Seal's initial disclosures under FRCP Rule 26(a). The parties have not agreed to any limitations on the subject matter of discovery, and are to complete discovery within the time limits to be set by the court. Should the need arise at a later date to amend these deadlines, they may be modified by stipulation and order or motion supported by good cause.

**9. Class Actions.**

This is not a class action.

**10. Related Cases.**

There are no related cases pending in this Court.

**11. Relief.**

Pursuant to 15 U.S.C. § 1117(a), LS&CO. will seek damages in the amount of Wet Seal's profits from the sale of infringing goods. Given that discovery with respect to damages

has not yet begun, LS&CO. is unable to compute damages at this time. LS&CO. may seek recovery of extraordinary damages and recovery of its attorneys' fees in the event that discovery shows Wet Seal's conduct to have been willful. LS&CO.'s complaint also seeks injunctive relief.

**12. Settlement and ADR.**

The parties request referral to mediation as their ADR process.

**13. Consent to Magistrate Judge For All Purposes.**

The parties consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14. Other References.**

The parties do not believe the case is suitable for reference to binding arbitration, a special master or magistrate judge, or to the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues.**

The parties do not believe that the issues in dispute can be narrowed.

**16. Expedited Schedule.**

The parties do not believe that this type of case can be handled on an expedited basis with streamlined procedures.

**17. Scheduling.**

The parties propose the following discovery and court dates:

| | |
|---|---|
| Fact Discovery Cutoff: | October 31, 2008 |
| Expert Disclosures: | November 14, 2008 |
| Rebuttal Expert Disclosures: | December 15, 2008 |
| Expert Discovery Cut-off: | January 15, 2009 |
| Last Date for Filing of Dispositive Motions: | February 13, 2009 (to be heard by March 18, 2009) |
| Final Pretrial Conference Date: | April 15, 2009 |
| Trial Date: | April 29, 2009 |

**18. Trial.**

The parties expect that the trial will last five to seven court days. LS&CO. and Wet Seal have demanded a jury. The parties do not believe bifurcation is a viable alternative in this case.

**19. Disclosure of Non-party Interested Entities or Persons.**

LS&CO. and Wet Seal have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16 certifying that other than the named parties there are no other interested entities or persons.

**20. Other Items.**

None.

DATED: March 12, 2008

Respectfully submitted,

By: [signature]
Raquel Pacheco
TOWNSEND AND TOWNSEND AND CREW LLP

Attorneys for Plaintiff
LEVI STRAUSS & CO.

DATED: March 11, 2008

By: [signature]
COOPER, WHITE & COOPER LLP

Attorneys for Defendant
THE WET SEAL, INC.

61300264 v1

**ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: _______________, 2008

_______________________________
THE HONORABLE RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE